## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Douglas Bell, Diana Bell,
Mike Smith, Tara Jackson,
Charles McClendon, Jr.,
and Mike Doane, individually
and doing business as
"Feelin' Great" and Feelin' Great, Inc.

December 9, 1985

Case No. (Chancery) N-2531-4

By JUDGE ROBERT W. DULING

This matter was before the Court on October 8, 1985 pursuant to a Motion for Temporary Injunction filed by the Office of the Attorney General on behalf of the Commonwealth of Virginia. The complainant alleged at that time that the respondents were conducting a pyramid promotional scheme within the Commonwealth of Virginia. That Motion was denied, and the matter again came before the Court on November 6 and 7, 1985, pursuant to a Complaint filed by the Office of the Attorney General, on behalf of the Commonwealth of Virginia, and an Answer filed on behalf of the respondents.

The Court, sitting without a jury, heard the evidence, received depositions and exhibits, heard the arguments of counsel, and took the matters under advisement for further review and determination.

The Court has now more exhaustively reviewed the exhibits, the depositions, and the applicable statutes.

The Commonwealth of Virginia has alleged the respondents have operated an illegal pyramid promotional scheme in violation of Section 18.2-239 of the Code of Virginia, 1950, as amended; that they have misrepresented the income

opportunities available in their scheme of marketing, in violation of the Virginia Consumer Protection Act of 1977, Section 59.1-196, *et seq.*, of the Code; and that they have made representation, express or implied, that the Office of the Attorney General of the Commonwealth of Virginia has approved and sanctioned the operation of Feelin' Great, Inc., in Virginia. The respondents deny each of the allegations.

No useful purpose would be served by restating the factual situation. The relevant questions are whether respondents are in violation of the Virginia Consumer Protection Act, Section 59.1-196, *et seq.*, of the Code of Virginia, 1950, as amended, and/or Section 18.2-239 of the Code of Virginia, pertaining to pyramid promotional schemes. The Court answers these questions in the affirmative.

Specifically, Section 18.2-239 of the Code states as follows:

> Every person who contrives, prepares, sets up, operates, advertises or promotes any pyramid promotional scheme shall be guilty of a Class 1 misdemeanor. For the purposes of this section:
>
> (a) "Pyramid promotional scheme" means any program utilizing a pyramid or chain process by which a participant gives a valuable consideration for the opportunity to receive compensation or things of value in return for inducing other persons to become participants in the program.
>
> (b) "Compensation" does not mean payment based on sales of goods or services to persons who are not participants in the scheme and who are not purchasing in order to participate in the scheme; and
>
> (c) "Promotes" shall mean inducing one or more other persons to become a participant.
>
> All contracts and agreements, now existing or hereafter formed, whereof the whole or any part of the consideration is given for the right to participate in pyramid promotional scheme programs, are against public policy, void and unenforceable.

Section 59.1-200 states, in part:

The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful. . .

E. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses or benefits. . .

N. Using any other deception, fraud, false pretense, false promise or misrepresentation in connection with a consumer transaction. . .

As stated by The Honorable John Wingo Knowles in his opinion letter of June 30, 1971, in the matter of the *Commonwealth of Virginia v. Dare To Be Great, Inc.*,[1] Circuit Court, City of Richmond, Case No. B-2990:

In effect, so long as the "scheme" or "program" is based upon the sale of goods or services to individuals who are not "participants" by agreement, express or implied, and "are not purchasing in order to participate in the scheme," i.e., in order to become eligible themselves to sell the goods or services to others and in return therefor be paid a commission, there is no violation. Conversely, if one is induced to buy a product or service and a part of his purchase is the right to sell the same products or services to others, or induce others to buy, and then he receives commissions on such sales, the chain "process" is initiated and the law of diminishing returns begins to operate against the interests of those who come in as participants late in the game. . .

[G]rowth cannot be perpetual. The limits are circumscribed by time, distance, willing or unwilling prospects and population where the reward achieved and the success of the program depend upon an increasing number of "students" produced by solicitation of participants. . .

---

[1] This opinion is printed below at page 430.

It is a valid exercise of the police power of the Commonwealth in that the sovereign has a vital interest in the protection of its citizens from fraud and, in fact, from the consequences of their own ignorance or folly in not recognizing that sooner or later, usually sooner, the market will become saturated and no one interested in purchasing the product or service proffered will remain. *Reaves v. Commonwealth*, 141 Va. 194, 204 (1925).

This Court is of the opinion that the scheme of operations conducted by the respondents is such that it violates both Sections 18.2-239 and 59.1-196, et seq., of the Code, and is in fact a pyramid promotional scheme wherein commissions are offered to participants for inducing others to become participants, all as described in the evidence presented to the Court on November 6 and 7, 1985.

This Court is of the further opinion that these violations have occurred in Virginia, on a regular basis, and particularly on weekends, since April, 1985.

The Court intends to enter the appropriate order to adjudge, order and decree that the respondents and their agents, or any other persons in active concert or participation with them, be permanently enjoined and restrained from operating, advertising, or promoting any of their business activities whereby a person gives a valuable consideration, in whole or in part, for the opportunity to receive compensation, or things of value, in return for inducing other persons to participate in the managerial program; that they be permanently enjoined and restrained from operating, advertising or promoting their activities whereby a person participates in any other scheme or activity wherein they utilize a chain process by which participants give valuable consideration, in whole or in part, for the opportunity to receive compensation or things of value in return for inducing other persons to become participants in the program.

The respondents may continue to sell motivational, self-improvement and nutrition seminars, books, and cassette tapes, including the STEPS, provided that such sale shall not be in violation of the order to be entered by this Court, or the Code of Virginia. In accordance with the Virginia Consumer Protection Act of 1977, Section

59.1-206 of the Code of Virginia, 1950, as amended, the Court will direct that the Commonwealth of Virginia shall have judgment against and recover civil penalties as follows:

$25,000.00 from respondent Feelin' Great, Inc.;
$5,000.00 from respondent Douglas C. Bell;
$2,500.00 from respondent Diane Bell; and
$1,000.00 from respondent Michael A. Smith.

The Court will further direct, pursuant to Section 18.2-240 and Section 59.1-206 of the Code, that the Commonwealth shall have further judgment against and recover from respondent Feelin' Great, Inc., costs and attorney's fees in the amount of $7,400.00.

As to restitution, pursuant to Section 59.1-205, the Court is not sympathetic with any of the participants other than Billy Harrell, Jr. The Court will direct respondent Feelin' Great, Inc., to make restitution to Billy Harrell, Jr., in the amount of $80.00 within thirty days from the entry of the Court's order. Other participants, if they so choose, may proceed in accordance with the relief provided in Section 59.1-204.

Violation of the injunction, upon entry, will be considered and punished as contempt of this Court and may result in the imposition of further civil penalties as set forth in Section 59.1-206 of the Code. . .

The order should recite that respondents, their agents or employees, are permanently enjoined from making any representations, express or implied, that the Office of the Attorney General of the Commonwealth of Virginia, or any other State agency, has approved or sanctions Feelin' Great, Inc., in any manner whatsoever.